1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HENRY BERNARD and BETTY
     BERNARD,
11
              Plaintiffs,
12                                        NO. CIV. S-12-1980 LKK/JFM
          v.
13
     WELLS FARGO BANK, NATIONAL
14   ASSOCIATION; FIRST AMERICAN                    O R D E R
     TRUSTEE SERVICING SOLUTIONS,
15   LLC; and DOES 1 through 250,
     inclusive,
16
              Defendants.
17   _____/

18       Three motions are presently before the court: plaintiffs'

19   motion to remand this case to state court, and defendants Wells

20   Fargo Bank, N.A.'s and First American Trustee Servicing Solutions,

21   LLC's respective motions to dismiss under Fed. R. Civ. P. 12(b)(6).

22       For the reasons set forth herein, the Court GRANTS plaintiff's

23   motion to remand and DENIES defendants' motions to dismiss as moot.

24   **I. BACKGROUND**

25       On June 6, 2012, plaintiffs filed the operative complaint in

26   El Dorado County Superior Court. (ECF no. 1.) The complaint names

1

Wells Fargo (their mortgage lender) and First American (their loan servicer) as defendants, and alleges unlawful acts in the mortgage financing of plaintiffs' home purchase, servicing of their home loan, and subsequent foreclosure on that loan.

Plaintiffs plead eight causes of action in their complaint: (1) violations of the Truth in Lending Act (15 U.S.C. § 1601) ("TILA"); (2) violations of California's Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788); (3) negligence; (4) violation of the Real Estate Settlement Procedures Act (12 U.S.C. § 2605) ("RESPA"); (5) breach of fiduciary duty; (6) fraud; (7) violations of Cal. Bus. & Prof. Code § 17200; and (8) breach of the implied covenant of good faith and fair dealing.

Plaintiffs seek monetary damages, declaratory and injunctive relief, and attorney's fees and costs.

On July 27, 2012, Wells Fargo removed the case to this court (ECF no. 1), and on August 3, 2012, Wells Fargo and First American each filed motions to dismiss plaintiffs' complaint. (ECF nos. 7, 11.)

On August 13, 2012, plaintiffs dismissed their federal claims under TILA and RESPA (ECF no. 14), and the next day, filed the motion to remand presently before the court. (ECF no. 15.)

On August 21, 2012, First American filed a new motion to dismiss (ECF no. 19), and on August 29, 2012, Wells Fargo followed suit. (ECF no. 22.) The latter two motions are also presently before the court.

The court will first address plaintiffs' motion to remand.

## II. STANDARD ON MOTION TO REMAND

A defendant may remove any civil action from state court to U.S. district court if the latter would have original jurisdiction "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a). The existence of jurisdiction over such a federal question must be determined solely from the plaintiff's well-pleaded complaint. <u>Taylor v. Anderson</u>, 234 U.S. 74, 75-76, 34 S.Ct. 724 (1914). Jurisdiction is not proper when the federal question only arises through the defenses raised in the answer or in the plaintiff's anticipation of those defenses in its complaint. <u>Id.</u>; <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 809, 108 S.Ct. 2166 (1988).

Even if a civil action is based in part on claims over which a federal court would ordinarily lack jurisdiction, the case may be removed if it includes at least one claim giving rise to federal jurisdiction. 28 U.S.C. § 1441(c). Upon removal, the court can exercise supplemental jurisdiction over those "claims that are so related to claims in the action [giving rise to federal jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

On a motion to remand a civil action, the removing defendant has the burden of establishing federal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). District courts must construe the removal statutes strictly against removal and resolve any uncertainties in favor of remanding the case to state court.

1  <u>Takeda v. Northwestern Nat'l. Life Ins. Co.</u>, 765 F.2d 815, 818 (9th

2  Cir. 1985); <u>Gaus</u>, 980 F.2d at 566.

3        28 U.S.C. § 1447(c), which addresses remand, provides in

4  pertinent part: "If at any time before final judgment it appears

5  that the district court lacks jurisdiction, the case shall be

6  remanded." In those situations where the plaintiff dismisses all

7  claims giving rise to federal jurisdiction, leaving only claims

8  over which the court exercises supplemental jurisdiction, the

9  question of whether the district court should continue to exercise

10  its jurisdiction is to be assessed "on the basis of the pleadings

11  filed at the time of removal without reference to subsequent

12  amendments.... Because of this rule, a plaintiff may not compel

13  remand by amending a complaint to eliminate the federal question

14  upon which removal was based." <u>Sparta Surgical Corp. v. National</u>

15  <u>Ass'n of Securities Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir.

16  1998). "It is well settled that a federal court does have the power

17  to hear claims that would not be independently removable even after

18  the basis for removal jurisdiction is dropped from the

19  proceedings." <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205

20  (9th Cir. 1991) (internal quotations and citations omitted).

21  **III. ANALYSIS**

22        Plaintiffs, having dismissed their causes of action under

23  federal law, argue that this court lacks subject matter

24  jurisdiction over this case. In support, they cite 28 U.S.C.

25

26

1  § 1447(c).[1]

2      Wells Fargo, which bears the burden of establishing federal

3  jurisdiction, Gaus, 980 F.2d at 566, argues for the court to retain

4  supplemental jurisdiction over the state law claims.[2] In support

5  of its argument, Wells Fargo cites Satey v. JPMorgan Chase Co., 521

6  F.3d 1087, 1091 (9th Cir. 2008), which in turn relies on Carnegie-

7  Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988), for the

8  proposition that the court should balance four factors — judicial

9  economy, convenience, fairness, and comity — in deciding whether

10 to retain jurisdiction. Wells Fargo argues that these factors

11 support removal, particularly in light of plaintiffs' conduct,

12 which "indicates that they are manipulating the forum rules by

13 stripping their [c]omplaint of the federal claims solely for the

14 purpose of moving this action to Superior Court." (Wells Fargo's

15 Opposition to Motion to Remand, ECF no. 31, 5:10-12.)

16     Satey and Carnegie-Mellon differ in one important respect from

17 the present case: they are decided under 28 U.S.C. § 1367(c)(3),

18 which permits a federal court to decline to exercise supplemental

19 _____

20     [1] Plaintiffs actually cite 25 U.S.C. § 1447(c), a non-existent
   statute. The court will assume that this was a typographical error,
21 and proceed accordingly.

22     [2] Wells Fargo does not argue that the court can exercise
   diversity jurisdiction under 28 U.S.C. § 1332. Moreover, it does
23 not appear that complete diversity exists between the parties, as
   plaintiffs allege that they are residents of California, and the
24 court has previously concluded that, for purposes of the diversity
   analysis, Wells Fargo is a citizen of California. See Guinto v.
25 Wells Fargo Bank, N.A., No. S-11-372, 2011 WL 4738519 (E.D.Cal.
   Oct. 5, 2011); see also Taheny v. Wells Fargo Bank, N.A., No. S-10-
26 2123, 2012 WL 1120140 (E.D.Cal. Apr. 3, 2012).

1  jurisdiction if it "has dismissed all claims over which it has

2  original jurisdiction." In this case, plaintiffs dismissed their

3  federal claims without court order.

4      Nevertheless, the policies addressed in <u>Carnegie-Mellon</u> are

5  applicable to the issue before the court. In fact, in deciding

6  <u>Carnegie-Mellon</u>, the Supreme Court addressed precisely the concern

7  raised by Wells Fargo regarding plaintiffs' apparent manipulation

8  of forum-selection rules:

> Petitioners' concern appears to be that a plaintiff
> whose suit has been removed to federal court will be
> able to regain a state forum simply by deleting all
> federal-law claims from the complaint and requesting
> that the district court remand the case.... A district
> court can consider whether the plaintiff has engaged in
> any manipulative tactics when it decides to remand a
> case. If the plaintiff has attempted to manipulate the
> forum, the court should take this behavior into account
> in determining whether the balance of factors to be
> considered under the pendent jurisdiction doctrine
> support a remand in the case.

16  484 U.S. at 357.

17      It is reasonable to infer, as Wells Fargo does, that

18  plaintiffs dismissed their federal claims in order to divest the

19  court of its jurisdiction. Wells Fargo and First Select filed their

20  motions to dismiss on August 3, 2012. Ten days later, plaintiffs

21  filed notice of dismissal of their federal claims, and the next

22  day, filed the instant motion to remand.

23      While the court does not countenance plaintiffs' actions,

24  there is nevertheless little question that, on balance, the four

25

26

1   <u>Carnegie-Mellon</u> factors still weigh in favor of remand.[3] This is

2   particularly true given the Ninth Circuit's directive to construe

3   the applicable statutes strictly against removal and to resolve any

4   uncertainties in favor of remanding cases to state court. <u>Takeda</u>,

5   765 F.2d at 818.

6       Judicial economy is the principal reason justifying remand.

7   Remand is inadvisable in cases "where the trial date is imminent

8   or where the federal court has performed a substantial amount of

9   legal analysis that would need to be repeated by the state court

10  if the case were remanded." <u>Miller v. Bay Area Rapid Transit Dist.</u>,

11  236 F.Supp.2d 1110, 1116 (N.D.Cal. 2002) (Brazil, J.). Here, the

12  proceedings are at an early stage. Defendants have not answered the

13  complaint. The court has not decided any motions, nor has it held

14  an initial scheduling conference under Fed. R. Civ. P. 16. Remand

15  will cause no loss of judicial economy, as the state court will not

16  be repeating work undertaken by this court.

17      Similarly, while Wells Fargo may find it more convenient to

18  remain in federal court, as well as more fair (given the efforts

19  it has put into filing a motion to dismiss, and plaintiffs'

20  apparent manipulation of forum-selection rules), these factors are

21  insufficient to require the court's continued jurisdiction. Both

22  _____

23      [3] By contrast, in <u>Brown v. Southwestern Bell Telephone Co.</u>,
    901 F.2d 1250, 1255 (5th Cir. 1990), when the plaintiff "attempted
24  to engage in precisely the sort of forum manipulation proscribed
    by <u>Carnegie-Mellon</u>," the Fifth Circuit affirmed a trial court's
25  decision not to remand because it "had presided over a year of
    discovery and was intimately familiar with the facts [of the
26  case]."

of these factors weigh more heavily in defendants' favor in cases where litigation is more advanced or where the litigants would face serious hardship in case of remand. See, e.g., <u>Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.</u>, 333 F.3d 923, 926 (9th Cir. 2003) (finding that district court abused its discretion and was not "fair to the parties" when, after managing the case for more than two years, it declined supplemental jurisdiction over state claims and dismissed the case seven days before trial).

Finally, comity is enhanced where federal courts avoid "needless decisions of state law." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966). As this matter no longer presents any federal claims, it is more appropriately heard by a state court.

The court will remand this matter for the reasons stated above. Accordingly, defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6) are now moot.

**IV. CONCLUSION**

The court orders as follows:

[1] Plaintiff's motion to remand (ECF no. 15) is GRANTED, and this action is hereby remanded to the Superior Court of the State of California for the County of El Dorado.

[2] Defendant First American Trustee Servicing Solutions, LLC's motion to dismiss the complaint herein (ECF no. 19) is DENIED as moot.

1    [3] Defendant Wells Fargo Bank, N.A.'s motion to dismiss

2    the complaint herein (ECF no. 22) is DENIED as moot.

3    [4]   The   status   (pretrial   scheduling)   conference

4    currently scheduled for October 29, 2012 is VACATED.

5 IT IS SO ORDERED.

6 DATED:  October 17, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT